IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KABIL ANTON DJENASEVIC,

          Plaintiff,

v.                                           CIVIL ACTION NO.   5:14-cv-14596

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Fourth Circuit's *Opinion* (Document 98), remanding this matter to this Court for consideration of the Plaintiff's proposed *Amended Complaint* (Document 61). For the reasons stated herein, the Court finds that the proposed amended complaint should be construed as a motion to amend, filed pursuant to Rule 15(a)(2), and that the motion should be granted in part, and denied in part.

**PROCEDURAL HISTORY**

On April 14, 2014, the Plaintiff, acting *pro se,* and then in confinement at the Federal Correctional Institution ("FCI Beckley"), in Beckley, West Virginia, filed a *Notice of Intention to File Claim* (Document 1) and accompanying exhibits. The Plaintiff sought to file a claim under the Federal Tort Claim Act (FTCA), 28 U.S.C. §1346(b) and 2671, *et seq*, against the United States Department of Justice (DOJ), the Bureau of Prisons (BOP), FCI Beckley, and Dr. Stephen Hughes, D.D.S., a physician employed at FCI Beckley. The Plaintiff alleged that Dr. Hughes was deliberately indifferent to the Plaintiff's dental needs during his confinement at FCI-Beckley, and

articulated various facts in support of this claim. The same day, the Plaintiff also filed his *Certificate of Merit* (Document 2), pursuant to West Va. Code §55-7B-6. On April 15, 2014, Magistrate Judge VanDervort entered an *Order* (Document 5) instructing the Plaintiff to either pay the filing fee for this action, or file an Application to Proceed *in Forma Pauperis*. The Plaintiff filed his *Application to Proceed Without Prepayment of Fees and Costs* (Document 6) on May 1, 2014, and on May 6, 2014, Magistrate Judge VanDervort entered on *Order* (Document 8) granting the motion.

On May 12, 2014, the Plaintiff filed his *Complaint* (Document 9). Therein, the Plaintiff claimed that he had complied with the prerequisites for suit under the FTCA, by filing notice, exhausting his administrative remedies, filing a tort claim, and filing a certificate of merit. The Plaintiff reiterated his allegations against Dr. Hughes, the BOP, and FCI Beckley, and claimed, *inter alia*, that as a result of the "fault of the defendants," he suffered "loss of teeth," "[m]ental and emotional injury," and "[p]ermanent loss, [d]amage and injury/suffering." (*Compl*. at 4.) On July 15, 2014, the United States filed a *Motion to Substitute* (Document 31), requesting that the Court dismiss Dr. Hughes from the case, on the basis that he was acting within the scope of his employment, and substitute the United States in his place. On July 18, 2014, the *Plaintiff Objection to United States Attorney(s) Motion to Substitute Dr. Hughes for the United States as Defendant* (Document 34) was filed. Also on July 18, 2014, the Defendants filed their *Motion to Dismiss* (Document 35) and *Memorandum of Law in Support* (Document 36). On September 8, 2014, the *Plaintiff's Affirmation on His Opposition to Defendant's Motion to Dismiss and Summary Judgment* (Document 46) and *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Summary Judgment* (Document 47) were filed.

Magistrate Judge VanDervort issued a *Proposed Findings & Recommendation* (PF&R) as to the United States' motion to substitute and the Defendants' motion to dismiss on October 16, 2014.  Magistrate Judge VanDervort recommended that both motions be granted.  (PF&R, at 1.)  On November 10, 2014, this Court entered a *Memorandum Opinion & Order* (Document 56), where the Court found that the Plaintiff had failed to timely file any objections to the PF&R, adopted Magistrate Judge VanDervort's findings, and granted both the United States' motion to substitute and the Defendants' motion to dismiss.  (PF&R, at 1-2.)  The Plaintiff's *Objections* (Document 60) were filed with this Court on November 10, 2014.   However, the *Objections* were dated October 30, 2014, and included a *Certificate of Service by Mail*, signed by the Plaintiff and dated October 30, 2014.  (Pl. Objections, at 8-9.)  The *Objections* were processed by the Bureau of Prisons at Federal Corrections Institution – Lompoc, 3600 Guard Road, Lompoc, California, on November 4, 2014, and postmarked by the United States Post Office on the same day.  (*Id*. at 10.)

On November 10, 2014, the Plaintiff filed his proposed *Amended Complaint*.  On November 24, 2014, the *Plaintiff's Motion for Reconsideration* (Document 63) was filed.  Therein, the Plaintiff argued that he had timely filed his objections to Magistrate Judge VanDervort's PF&R, but that the filing of the document was delayed due to interference by prison officials.  (Pl. Mot. for Reconsideration, at 1.)  The same day, the Plaintiff filed his *Notice of Appeal* (Document 64), wherein he appealed this Court's Memorandum Opinion & Order of November 10, 2014, to the Fourth Circuit.  On January 15, 2015, this Court entered an *Order* (Document 70) denying the Plaintiff's motion for reconsideration, construing the Plaintiff's amended complaint as a motion to amend, and denying the motion to amend as moot.

3

On June 16, 2015, the Fourth Circuit issued its *Opinion* (Document 77), finding that this Court incorrectly applied the prison mailbox rule and remanding the Plaintiff's case to this Court for reconsideration of whether the Plaintiff had delivered his objections to Magistrate Judge VanDervort's PF&R to "prison officials for mailing on or before November 3, 2014." (4CCA Opinion, at 2.)  On January 11, 2016, this Court entered a *Memorandum Opinion and Order* (Document 85), finding that the Magistrate Judge's PF&R should be adopted, that the Plaintiff's objections should be denied, that this case should be dismissed, and that all pending motions should be terminated as moot.  The Plaintiff appealed the decision on January 26, 2016.  On August 3, 2016, the Fourth Circuit issued an *Opinion* (Document 98), finding that the Plaintiff's objections were properly denied, but remanding this case for consideration of the Plaintiff's motion to amend. On August 23, 2016, the Fourth Circuit issued a *Notice* (Document 102) that the Plaintiff had filed a petition for rehearing or rehearing *en banc*, and that the mandate from the Fourth Circuit's August 3, 2016 *Opinion* was therefore stayed pending further order of the Fourth Circuit.  On October 4, 2016, the Fourth Circuit issued an *Order* (Document 104) that the Plaintiff's petition for rehearing or rehearing *en banc* was denied, and the mandate was issued on October 12, 2016.  The Plaintiff's motion to amend is now ripe for review.

## STANDARD OF REVIEW

Rule 15(a)(1) of the *Federal Rules of Civil Procedure* permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only

4

with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id*. However, this opportunity for amendment is not without its limits. The Fourth Circuit has instructed that a motion to amend should be denied only "if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted) (internal quotation marks omitted); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

## DISCUSSION

Because the Plaintiff filed his proposed amended complaint more than 21 days after serving his first complaint, the Plaintiff's motion is governed by Rule 15(a)(2). While Rule 15(a)(2) counsels district courts to liberally grant parties leave to amend a pleading, the rule also permits the court to deny a motion to amend where the proposed amendment would be futile. The Plaintiff's proposed amendments to his medical malpractice claims fall directly into this category. The Plaintiff raises three counts in his proposed amended complaint. Counts One and Three address the purported failures of the medical staff at FCI-Beckley to render proper dental care. The Fourth Circuit did not disturb the Court's finding that the Plaintiff brought medical malpractice claims under West Virginia law, and that those claims failed because the Plaintiff failed to satisfy the certificate of merit requirement of W. Va. Code §55-7B-6. (*See Memorandum Opinion and Order*, at 10-11.) That provision requires a medical malpractice plaintiff bringing a cause of action under West Virginia law to serve the defendant health care provider with a screening certificate of merit, executed under oath by a health care provider qualified as an expert

5

under the West Virginia Rules of Evidence, at least thirty days prior to filing suit. W. Va. Code §55-7B-6. The Court found that the Plaintiff failed to satisfy this requirement, because the certificate of merit attached to his claim was not executed by a health care provider qualified as an expert. The Plaintiff's proposed amended complaint provides no support for revisiting this conclusion, because the Plaintiff does not attach a valid certificate of merit executed by a health care provider.

Similarly, the Fourth Circuit did not disturb this Court's finding that the Plaintiff's medical malpractice claims did not fall within the narrow exception to the certificate of merit requirement, which the West Virginia courts have established for the rare case where a Plaintiff's medical malpractice claim does not require proof by expert testimony. (*See Memorandum Opinion and Order*, at 12, citing *Farley v. Shook*, 629 S.E.2d 739, 744 (W.Va. 2005); *Johnson v. United States*, 394 F.Supp.2d 854, 858 (S.D.W.Va. 2005) (Chambers, J.); *Giambalvo v. United States*, 2012 WL 984277, at *4 (N.D.W.Va. March 22, 2012.)) The Court found that the allegations by the Plaintiff in his complaint concerning the adequacy of fillings, a root canal, and other dental work clearly were beyond the "common knowledge and experience" of a lay juror, and that without expert testimony, a lay juror could not be expected to determine if the Plaintiff's claims about his dental care rose to the level of a violation of the standard of care. (*Id*. at 13, citing *O'Neil v. United States*, 2008 WL 906470 (S.D.W.Va. March 31, 2008) (Johnston, J.)) The Plaintiff's proposed amendment does not provide any additional allegations which would alter these findings. Therefore, the Plaintiff's proposed amendment is futile as to his medical malpractice claims, and the motion to amend should be denied as to Counts One and Three of the proposed amended complaint.

6

Finally, in his proposed amendment, the Plaintiff adds a new claim, entitled "Count Two: Retaliation Claim for Filing Tort." The Plaintiff also names employees of FCI-Beckley as additional defendants, specifically James Hamrick, Joel Ziegler, and Mark Collins. The Plaintiff alleges that Defendant Hamrick retaliated against him for filing this civil action, by "writing up a false report for forgery, refusing a direct order[,] and lying to staff," resulting in the Plaintiff's placement in the Special Housing Unit at FCI-Beckley. (Pl.'s Proposed Amended Complaint, at ¶11.) The Plaintiff further alleges that Defendant Hamrick "called medical to have [the Plaintiff's] lower floor pass removed" and "instructed his informant snitch(es) to instigate the Plaintiff, striking [the Plaintiff] with a lock." (*Id*. at ¶12-14.) The Plaintiff attached a number of prison disciplinary records and purported affidavits to his proposed amended complaint, presumably to support these allegations. Because this claim was not raised in the Plaintiff's *Complain*t (Document 9), and is not otherwise barred by a statute of limitations, the Court grants the motion to amend as to the Plaintiff's Count Two.

Having granted the Plaintiff's motion to amend as to Count Two, the Court must screen the Plaintiff's new allegations pursuant to 28 U.S.C. § 1915A. Section 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). However, the Fourth Circuit has instructed district courts that *pro se* prisoner filings, "however unskillfully pleaded,

7

must be liberally construed." *Noble v. Barnet*, 24 F.3d 582, 587 (4th Cir. 1994). Dismissal of a claim under Section 1915A(b) is only proper if the plaintiff fails to present factual allegations that "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Construing the Plaintiff's amended pleading liberally, the Court finds that the Plaintiff's amendment is an action for deprivation of Constitutional rights, pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). *Bivens* is a judicially-created damages remedy which permits any person subject to a deprivation of Constitutional rights by a federal employee to seek redress through an action in federal court. *Bivens*, 403 U.S. at 396-97. A *Bivens* action is the federal counterpart of an action against a state actor brought under 42 U.S.C. §1983. The Plaintiff alleges that he was subject to retaliation by Defendant Hamrick based on the filing of this litigation. The First Amendment provides a constitutional right to meaningful access to the courts, and prison employees may not interfere with this right. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir.2000); O*liver v. Powell*, 250 F.Supp.2d 593, 600 (E.D.Va. 2002), citing *Hudsepth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). Because retaliation by prison officials has the potential to chill the exercise of this right, prisoners who experience such retaliation may bring a claim under the First Amendment. *Turney v. Safley*, 482 U.S. 78, 84, 86 (1987). However, not all retaliatory conduct tends to chill First Amendment activity. *DiMeglio v. Haines*, 45 F.3d 790, 806 (4th Cir.1995). A plaintiff seeking to recover for retaliation must show more than a "*de minimis* inconvenience" to her exercise of First Amendment rights. *ACLU of Md., Inc. v. Wicomico County, Md.*, 999 F.2d 780, 786 n. 6 (4th Cir. 1993). Of course, conduct that tends to chill the exercise of constitutional rights might not itself deprive such rights, and a

8

plaintiff need not actually be deprived of First Amendment rights to establish First Amendment retaliation. *Id*.

The Fourth Circuit has held that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996) (*en banc*) (citations omitted); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). To recover for a First Amendment retaliation claim, a Plaintiff must show that he (1) engaged in protected First Amendment activity; (2) that the Defendant took some act to interfere with or adversely impact his First Amendment rights, and (3) that there is a causal relationship between the protected activity and the Defendant's conduct. *Dunston v. Harrison*, 2014 WL 126047, at *12 (E.D.N.C. January 13, 2014), citing *Suarez Corp. Indus.*, 202 F.3d at 678; *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499-501 (4th Cir. 2005). The causation requirement is particularly significant; the Plaintiff must not only show that the protected expression played a role in the retaliation, but also must establish that 'but for' the protected expression, the purportedly retaliatory action would not have occurred. *Tobey v. Jones*, 706 F.3d 379, 390-91 (4th Cir. 2013); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990).

Here, the Plaintiff has clearly pled allegations of retaliation for a Constitutionally-protected activity. The Plaintiff has alleged that in retaliation for bringing this civil action, Defendant Hamrick filed false disciplinary reports, encouraged an informant to initiate a physical altercation with the Plaintiff, and stripped the Plaintiff of a medical pass, which allowed the Plaintiff to live on a lower floor at FCI-Beckley. However, a valid claim for retaliation under the First

9

Amendment must show more than a *de minimis* interference with the asserted Constitutional right. Here, even if the Court accepts the Plaintiff's allegations as true, and sets aside the skepticism required under Fourth Circuit precedent, the Plaintiff's claim for interference with his First Amendment right to access the court system is belied by the record. First, the Plaintiff filed his proposed amended complaint after the purported conduct of Defendant Hamrick took place. Thus, even if the Plaintiff's allegations are assumed true, nothing on the record suggests that the Defendant was in any way deterred or restricted from accessing the Court system. Second, since filing his proposed amended complaint on November 11, 2014, the Plaintiff has made at least six (6) filings with either this Court or with the Fourth Circuit on this case alone.[1] Actual deprivation of a First Amendment right is not necessarily required to raise a successful retaliation claim on a *Bivens* action. However, even if the Court accepts the Plaintiff's pleadings as true, nothing before the Court suggests more than a *de minimis* infringement on his First Amendment rights. Applying the skeptical eye required under Fourth Circuit precedent, the result becomes even more clear. Nothing in the record supports any inference that the Plaintiff was in any way denied access to the Courts.

Even if the Court were to find that the Plaintiff satisfied the *de minimis* threshold, the Plaintiff has not pled *any* facts showing causation. While the Court is required to construe the Plaintiff's allegations liberally, and to accept the facts pled by the Plaintiff as true, the Plaintiff must nonetheless, under *Iqbal* and relevant Fourth Circuit precedent, state a claim that is facially plausible. *See Jackson*, 775 F.3d at 170, 178 (4th Cir. 2014), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citations omitted). To do so in the context of a *Bivens* claim for retaliation

---

[1] The Court notes that the Plaintiff currently has at least two cases pending in the Eleventh Circuit.

under the First Amendment, the Plaintiff must plead sufficient facts for the Court to infer that but for the filing of this case, Defendant Hamrick would not have retaliated against the Plaintiff. In the context of prisoner litigation, the Court is entitled to assess allegations of retaliation with significant skepticism.

The Plaintiff has pled no facts that even support, much less establish, causation. Instead, the Plaintiff makes a conclusory allegation that Defendant Hamrick was motivated by the filing of this case. The Plaintiff has provided no facts indicating that Defendant Hamrick was in any way implicated by the Plaintiff's original complaint (which did not name Hamrick) such that Defendant Hamrick would have incentive to retaliate against the Plaintiff. In short, the Plaintiff does not adequately allege facts supporting an inference that the disciplinary infractions issued to him by Defendant Hamrick were illegitimate, much less motivated by the Plaintiff's filing of this civil action. The same is true for the Plaintiff's allegation concerning his medical pass. The Plaintiff provides no facts showing that he was entitled to a medical pass, and no facts showing that the revocation of his medical pass was improper. Furthermore, Defendant Hamrick's incident report, attached to the Plaintiff's proposed amended complaint, states that when Defendant Hamrick ordered the Plaintiff to move to a different cell, the Plaintiff was unable to show a valid medical pass. The Plaintiff provides no factual support for his allegation that this report was fraudulent, or that Defendant Hamrick misrepresented the facts based on his desire to retaliate against the Plaintiff.

The Plaintiff also fails to provide any factual basis for his allegation that Defendant Hamrick encouraged an informant to instigate a confrontation with the Plaintiff. Assuming the incident occurred, there are numerous explanations for a violent altercation in a federal prison.

11

Viewing the Plaintiff's allegations with a skeptical eye, the Court finds the allegations insufficient to support causation. The Plaintiff gives the Court no reason to believe that the incident was the result of machinations by Defendant Hamrick, or that Defendant Hamrick was driven by the filing of this litigation. Without more, the Plaintiff's claim amounts to little more than threadbare allegations lacking sufficient facial plausibility to proceed, and should be dismissed.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Plaintiff's proposed *Amended Complaint* (Document 61) be construed as a motion to amend under Rule 15 of the Federal Rules of Civil Procedure, and that the motion be **DENIED** as to Count One and Count Three of the *Amended Complaint*.

The Court **ORDERS** that the motion to amend be **GRANTED** as to Count Two of the *Amended Complaint*, and further **ORDERS** that Count Two be **DISMISSED** pursuant to the Court's screening authority under 28 U.S.C. § 1915A, and that this matter be **STRICKEN** from the docket**.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 9, 2016

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA