IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KABIL ANTON DJENASEVIC,

                      Plaintiff,

v.                                                     CIVIL ACTION NO. 5:14-cv-14596

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion for Relief* (Document 109) and the *Defendants' Response* (Document 110). The Plaintiff, Kabil Djenasevic, moves this Court to reconsider its *Memorandum Opinion and Order* (Document 106) entered on November 9, 2016. For the reasons stated herein, the Court finds that the motion should be denied.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Court's November 9, 2016 Memorandum Opinion and Order sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court incorporates by reference those facts and procedural history but includes the following summary to provide context for the ruling herein.

On April 14, 2014, while confined at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"), Mr. Djenasevic filed a notice of intent to file a claim under the Federal

Tort Claim Act (FTCA) against the United States Department of Justice (DOJ), the Bureau of Prisons (BOP), FCI Beckley, and Dr. Stephen Hughes, D.D.S, a dentist employed at FCI Beckley. The Plaintiff alleged that Dr. Hughes was deliberately indifferent to his dental needs while he was at FCI Beckley. On that same day, the Plaintiff filed a *Certificate of Merit* (Document 2). On May 12, 2014, Mr. Djenasevic filed his *Complaint* (Document 9), wherein he asserted he had complied with the prerequisites for filing suit under the FTCA, exhausted his remedies, and should be permitted to continue with his action in this Court.

On October 16, 2014, United States Magistrate Judge VanDervort issued a *Proposed Findings and Recommendation* (PF&R) (Document 52), wherein he recommended that both the Defendant's motion to substitute and motion to dismiss be granted. Originally, the Court adopted the PF&R, finding that the Plaintiff's objections were not timely filed. On appeal, however, the Fourth Circuit overturned this Court's finding and remanded the case. On January 11, 2016, this Court entered its *Memorandum Opinion and Order* (Document 85) overruling the Plaintiff's objections and adopting the PF&R. The Plaintiff again appealed, and the Fourth Circuit issued an *Opinion* (Document 98) on August 3, 2016, finding that the Court properly denied the Plaintiff's objections. However, the Fourth Circuit remanded the case to this Court to consider the Plaintiff's motion to amend his complaint. On November 9, 2016, this Court entered another *Memorandum Opinion and Order* (Document 106) denying the Plaintiff's motion to amend. The Court found that Counts One and Three of the amended complaint were futile because they merely sought to revisit the same conclusions the Fourth Circuit had affirmed regarding his claims for medical malpractice. The Court further found that Count Two of his amended complaint, alleging retaliation by employees of FCI Beckley, failed to set forth more than a *de minimis*

interference with his asserted Constitutional right and failed to allege any facts in support of causation. Count Two, as amended, was therefore dismissed pursuant to the Court's screening authority under 28 U.S.C. § 1915A.

More than a *year* later, on November 16, 2017, the Plaintiff filed the pending motion for reconsideration of the November 9, 2016 opinion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Defendant filed a brief response, and the motion is ripe for review.

## APPLICABLE LAW

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discoverable in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). The Fourth Circuit has determined that, as a threshold matter, "[t]o bring himself within Rule 60(b), the movant must make a showing of timeliness, a meritorious

defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984).

It is generally after such a showing that a movant can attempt to satisfy one of the six grounds set forth in Rule 60(b) above. *Id.* at 207; *See also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010). The Fourth Circuit has also noted that we "need not address whether [a] movant satisfied the four threshold requirements, however, if we find that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief." *Robinson*, 599 F.3d at fn 12 (citation omitted).

## DISCUSSION

At the outset, the Court notes that Mr. Djenasevic's motion to reconsider was not timely filed. According to Rule 60, motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." F.R. Civ. P. 60(c)(1). The order for which he seeks reconsideration was entered on November 9, 2016, but his motion to reconsider was not filed until November 16, 2017, more than a year later.

Even if the motion to reconsider were timely filed, however, the Plaintiff's arguments as to why the Court should reconsider his motion to amend are merely attempts to rehash previous arguments. He argues that the Court's dismissal of his FTCA claim for failure to comply with the MPLA was based on fraud and should be reconsidered under Rule 60(b)(3). Rule 60(b)(3) does not address the "merits of a judgment or order," but rather "focuses on the unfair means by which a judgment or order is procured." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014). Here, the Plaintiff has failed to present any evidence that the dismissal of his tort

claims was based on any fraud, misrepresentation, or any unfair means. The Plaintiff misconstrues the fact that the Fourth Circuit's *Opinion* (Document 98) entered on August 3, 2016, found no reversible error in this Court's dismissal of his FTCA claim. Although not specifically raised by the Plaintiff, he has also failed to show that he is entitled to relief under any of the other prongs of Rule 60(b).

Regarding the dismissal of the new allegations alleged in his amended complaint, the Plaintiff attempts to challenge the Court's screening authority and argues that dismissal was done in error. However, the Plaintiff again fails to introduce any evidence that the Court relied on fraud or misrepresentation in its decision and continues to argue that the Court's finding of the necessity of a certificate of merit was erroneous. While the Plaintiff may disagree with the outcome, his disagreement does not present the requisite exceptional circumstance to gain reconsideration under Rule 60(b). The motion should be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion for Relief* (Document 109) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 4, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA